Henry C. **HOPEWELL**

v.

**Norman LANGDON.**

Supreme Judicial Court of Maine.

Argued Jan. 21, 1988.

Decided Feb. 26, 1988.

Frederick M. Newcomb, III (orally), Rockland, for plaintiff.

Douglas M. Myers (orally), Kurtz & Myers, South Paris, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

Henry C. Hopewell, the plaintiff, appeals from a judgment entered for the defendant, Norman Langdon, by the Superior Court, Knox County, following a nonjury trial. Hopewell's primary contention on appeal is that the trial court committed legal error in its interpretation of a contract by which the plaintiff assigned to the defendant his options to purchase real estate in Rockport. Hopewell contends in particular that the contested provision of the contract unambiguously and unconditionally required the defendant to pay him $16,000 by July 1, 1982. In the alternative Hopewell contends that any ambiguity inhering in the provision should be resolved in the plaintiff's favor in light of the extrinsic evidence of the parties' intentions. We are not persuaded by the appellant's arguments and affirm the judgment.

Henry Hopewell, who had been involved with land development since 1945, began work on a condominium project ("Conway Farms") in Rockport in 1979 or 1980. For $1.00 each he secured three options to purchase contiguous parcels of land necessary for the project, of which the Bowley parcel was the largest and most critical. Over a period of about a year Hopewell spent considerable time preparing a site plan and drawings with Walter Skinner, an architect he had hired for the project, pursuing the local planning board's approval and meeting other regulatory requirements. By December of 1981, Hopewell had invested about $16,000 in the project.

During his work on Conway Farms, Hopewell became involved with a second and potentially more profitable condominium project in Rockport called "Eastward." His partner in that project asked Hopewell to put Conway Farms "on hold" until the larger Eastward project was further along. Walter Skinner, who served as the architect on both developments, mentioned to Hopewell that he knew of someone interested in Conway Farms. Skinner eventually introduced Norman Langdon to Hopewell, who offered to sell his interest in Conway Farms to Langdon, an experienced real estate developer, for whatever amount of money he had invested in the project up to that point.

A seven-page "assignment contract," prepared by Langdon's attorneys, was executed in Skinner's office on December 23, 1981. Hopewell had previously provided to Skinner, who in turn provided to Langdon, an itemized tally of the costs he had incurred to date, which totalled $16,000. After some discussion in Skinner's office, a clause was added to the contract by Walter Skinner at the bottom of the first page, providing as follows:

> Upon passage of title of Bowley land to Norman Langdon, which event shall occur no later than July 1, 1982, I, Norman Langdon, agree to pay Henry Hopewell $16,000.00.

Both parties read the added provision and signed the contract. Hopewell testified at trial that he understood the provision to require Langdon to pay him $16,000 by July 1, 1982, whether the Bowley closing occurred or not. Langdon testified that he understood that the $16,000 figure represented Hopewell's expenses incurred on the Conway Farms project up to that point, but that he understood his obligation to pay Hopewell the $16,000 only to arise if he consummated the Bowley purchase and proceeded with the project.

Despite Langdon's efforts over the next several months, he was unable to obtain title to the Bowley property and did not pay Hopewell the $16,000. Subsequently, Hopewell filed a complaint in the District Court, Rockland, seeking payment of $16,000. The case was removed to the Superior Court, Knox County, where, after a nonjury trial, judgment for Langdon was entered and Hopewell appealed.

Hopewell's primary contention on appeal is that the plain language of the handwritten addendum to the contract required as a matter of law that Langdon pay him $16,000 by July 1, 1982, whether Langdon exercised his options to purchase or not. Hopewell contends in particular that the Superi-

or Court erred by failing to recognize that the critical clause "which event *shall* occur no later than July 1, 1982" (emphasis added) placed upon Langdon a contractual duty to bring about a transfer of title to the Bowley property by July 1, 1982. The Superior Court determined that the contract was unambiguous but, contrary to Hopewell's contention, in Langdon's favor, finding on the face of the instrument that the addendum's opening phrase "[u]pon passage of title" established a contingency that had to occur before Langdon's obligation to pay arose.

    ■ The construction of an unambiguous written contract presents a question of law for the court to determine. *City of Augusta v. Quirion*, 436 A.2d 388, 392 (Me.1981). The issue of whether contract language is ambiguous in the first instance is likewise one of law. *Portland Valve Inc. v. Rockwood Systems Corp.*, 460 A.2d 1383, 1387 (Me.1983).

    ■ We agree with the Superior Court that the handwritten addendum does not on its face unambiguously and unconditionally require Langdon to pay Hopewell $16,000 by July 1, 1982. We need not, however, decide the correctness of the Superior Court's conclusion that the contract was conditional on its face, since, even if the Superior Court erred in that regard, the only remaining conclusion is that the handwritten addendum was ambiguous. Assuming this, Hopewell's reliance on extrinsic evidence to resolve the ambiguity is likewise unavailing. Although not essential to its legal conclusion, the Superior Court, based on the extrinsic evidence presented at trial,[1] found that the payment of the $16,000 was intended to be conditional and not absolute. Because evidence of extrinsic circumstances presents questions of fact, the Superior Court's findings are subject to review only for clear error. *See T–M Oil Co., Inc. v. Pasquale*, 388 A.2d 82, 85 (Me.1978). We find no clear error here, given the competent evidence in the record

supporting the court's findings. *Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981).

Hopewell's remaining arguments are without merit and do not require further discussion.

The entry is:

Judgment affirmed.

All concurring.

---

1. Walter Skinner, who drafted the handwritten addendum, testified, for example, that he intended for the provision to require payment from Langdon to Hopewell only upon the conveyance of the Bowley land to Langdon.