**F.O. BAILEY COMPANY, INC., et al.**

v.

**LEDGEWOOD, INC.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1991.

Decided Feb. 13, 1992.

---

Harold J. Friedman, Karen Frink Wolf (orally), Friedman & Babcock, Portland, for plaintiffs.

W. John Amerling (orally), Amerling & Burns, John S. Whitman, Richardson & Troubh, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiffs F.O. Bailey Company, Inc. and its owners, Carmine and Joy Piscopo, appeal from summary judgment in favor of defendant Ledgewood, Inc., entered in the Superior Court (Cumberland County, *Perkins, J.*). We reject plaintiffs' contention that the court improperly entered summary judgment on their third party beneficiary contract claim. Because Ledgewood was not entitled to a summary judgment on plaintiff's negligence claim, however, we vacate the judgment as to that claim.

In 1979, the Piscopos purchased the Woodman Building on Middle Street in Portland, in a portion of which they ran their antique business, F.O. Bailey Company, Inc.[1] In 1983, they executed a Declaration of Condominium for the Woodman Buildings, *see* 33 M.R.S.A. §§ 1601–101—1604–118 (1988 & Supp.1991), and sold all of the units not occupied by F.O. Bailey to General Properties, Inc. Also in the Declaration of Condominium, the Piscopos conveyed to General Properties the rights to develop and renovate the building. *See* 33 M.R.S.A. §§ 1601–103(25), 1602–105(8), 1603–104. In 1985, General Properties sold its interest to Woodman Associates.

Woodman subsequently entered into three contracts with Ledgewood, Inc. in February, September, and November of 1985 for the renovation of the building. The first of the contracts between Woodman and Ledgewood provided that Ledgewood would schedule and coordinate its work in the occupied portions of the building so that F.O. Bailey and Kayo's, another business located in the building, would remain open during their normal business hours.[2] Some of the work benefitted the F.O. Bailey space exclusively; other work improved the F.O. Bailey unit while benefitting other parts of the building, such as improvements to the electrical and plumbing systems. Before and during construction, Carmine Piscopo met with General Properties, Woodman, and representatives of the architect to discuss the work to be performed.

Under the construction contracts, the architect was the owner's representative and was given broad powers to inspect the contractor's work, to interpret the contract documents, to evaluate the quality of work, to determine amounts owed to the contractor, and to reject substandard work. When the architect agreed that the work was substantially complete, he was to issue a certificate of substantial completion. In performing these duties, the architect requested the Piscopos to draw up a list of their complaints for presentation to the contractor. They did so.[3] Some of their complaints were addressed and some were not. The architect issued a certificate of substantial completion and Woodman made final payment. According to the contracts, final payment constituted "a waiver of all claims ... except those arising from ... (2) faulty or defective Work appearing after Substantial Completion, [or] (3) failure of the Work to comply with the requirements of the Contract Documents...."

The plaintiffs sued Ledgewood and Woodman in 1987, alleging Ledgewood's work under the contracts was incomplete, faulty, and unworkmanlike. They advanced theories of breach of contract, breach of warranty, and negligence. Three years following the denial of Ledgewood's original motion to dismiss or for summary judgment,[4] during which time the parties

---

1. F.O. Bailey Company, Inc. is wholly owned by FOB Corporation which is owned by the Piscopos. F.O. Bailey leases space from the Piscopos.

2. The contract provides:
   11. SCHEDULING The contractor shall schedule and coordinate his work in the occupied portions of this building (basement and first floors) so that F.O. Bailey and Kayo's remain open during their normal operating hours.

3. Some of the Piscopos' complaints involved work done in common areas of the building

that the condominium association chose not to complain about to the architect. The Piscopos are not now claiming damages to common areas as part of their claim.

4. We find the plaintiffs' contention that denial of the original motion to dismiss or for summary judgment constituted the law of the case to be without merit. In connection with that motion, essentially treated by the court as a motion to dismiss, plaintiffs successfully moved to amend their complaint in order to indicate additional factual and legal allegations. Subse-

filed additional pleadings and participated in discovery, the Superior Court concluded that the plaintiffs were not third party beneficiaries to the construction contracts and had waived any right they had to pursue an action in negligence and entered summary judgment in favor of Ledgewood. The court also denied the plaintiffs' motion for attachment. This appeal followed.

In an appeal from the entry of summary judgment, we view the evidence in a light most favorable to the party against whom the judgment has been entered, and review the trial court's conclusions for errors of law. *St. Louis v. Hartley's Oldsmobile–GMC, Inc.*, 570 A.2d 1213, 1215 (Me.1990); *see also Lidstone v. Green*, 469 A.2d 843, 845 (Me.1983).

*Third Party Beneficiary Contract Claim*

■■■ Section 302 of the *Restatement (Second) of Contracts* provides:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

In order to prevail on their third party beneficiary contract claim, the plaintiffs have to demonstrate that the promisee, Woodman, intended to give the plaintiffs the benefit of the performance. *Martin v. Scott Paper Co.*, 511 A.2d 1048, 1049–50 (Me.1986). Such an intention is gathered from the language of the written instruments and the circumstances under which they were executed. *Forbes v. Wells*

*Beach Casino, Inc.*, 307 A.2d 210, 216 (Me. 1973). When contract language is ambiguous or uncertain, its interpretation is a question of fact to be determined by the factfinder, but when the language is clear, it is a question of law and can be resolved by the court. *Hopewell v. Langdon*, 537 A.2d 602, 604 (Me.1988); *Hare v. Lumbermens Mut. Cas. Co.*, 471 A.2d 1041, 1044 (Me.1984); *Portland Valve, Inc. v. Rockwood Sys. Corp.*, 460 A.2d 1383, 1387 (Me. 1983).

■■■ It is not enough for plaintiffs to show that they benefitted from the contracts between Ledgewood and Woodman to improve the Middle Street property, part of which F.O. Bailey occupies. An incidental beneficiary cannot sue to enforce third party beneficiary rights. In order to proceed as third party beneficiaries on a contract theory, plaintiffs must generate a genuine issue of material fact on the issue of Woodman's intent that they receive an enforceable benefit under the contracts. The intent must be clear and definite. *Ball Corp. v. Bohlin Building Corp.*, 187 Ill. App.3d 175, 134 Ill.Dec. 823, 824, 543 N.E.2d 106, 107 (1989). The Superior Court correctly determined that no such intent is expressed in the contracts or the circumstances surrounding their execution.

In Paragraph 6(D)(3) of the Declaration of Condominium, the Piscopos gave up their rights to control, develop, and renovate the building and to participate in that process.

Declarant [the Piscopos] hereby assigns, transfers and grants to General Properties, Inc., its successors and assigns, all special Declarant rights, under this Paragraph 6 [right to improve, renovate, modify, replace, construct, repair, alter and change], the Act and easements through common elements and other Declarant rights arising under the Act as reserved in this Declaration.

quent to the denial of the motion, additional pleadings and discovery were filed with the court. Thus the subsequent motion for summary judgment was based on a different and more complete record. Moreover, we will not

reverse a correct decision of the trial court merely because it is contrary to a prior ruling of the trial court. *Grant v. City of Saco*, 436 A.2d 403, 405 (Me.1981).

The contracts between Ledgewood and Woodman are standard American Institute of Architects bilateral contracts. The Piscopos are not mentioned in the contracts and, although the building is referred to as the F.O. Bailey Building, F.O. Bailey itself is mentioned only incidentally, appearing on sketches and plans depicting the different condominium ownership in the building. The only direct reference to F.O. Bailey is Ledgewood's promise to schedule and coordinate the work so that F.O. Bailey and Kayo's, another commercial enterprise, could remain open during their normal operating hours.[5] The procedure for resolving disputes specifically limits dispute resolution to the parties to the contracts, with arbitration being expressly designated to resolve disputes between Woodman and Ledgewood, and excluding other parties such as the plaintiffs. The architect is designated as Woodman's representative and is authorized to approve or reject work of the contractor and to resolve disputes between Woodman and Ledgewood. The language of the contracts does not generate a fact issue as to a clear intent to create in plaintiffs enforceable rights as an intended beneficiary.[6]

There is no question that Carmine Piscopo showed great interest in the project and spent time following its progress. That fact, however, does not generate a genuine issue as to the intent of Woodman at the time the contracts were entered into to create enforceable contract rights in the plaintiffs.

### Negligence Claim

■ Although by far the greater part of the damages the plaintiffs are seeking to recover are asserted under the third party beneficiary contract theory, they also make a claim against Ledgewood for negligence in destroying or damaging certain of the plaintiffs' property during the construction project. The Superior Court concluded that the plaintiffs had waived their right to pursue their negligence claim and granted summary judgment for Ledgewood. The Superior Court did not specify, however, what conduct of the plaintiffs constituted a waiver. Ledgewood contends that the Piscopos waived their rights to sue Ledgewood in tort by virtue of Paragraphs 6(b)(2) and (3) of the Declaration of Condominium in which they relinquished their rights to develop and renovate the Woodman Building. They also contend that pursuant to that agreement, the architect in issuing a certificate of substantial completion acted as the agent of the plaintiffs. We disagree.

■ F.O. Bailey is not a party to the Declaration of Condominium and is not bound by any release of rights or waiver contained in it. Moreover, under the Declaration of Condominium, the Piscopos retained ownership of their own unit of the condominium and own personal property as well. The Declaration of Condominium, absent other evidence, cannot be construed as a matter of law to constitute a waiver or voluntary relinquishment of all their rights to sue in tort for damage to that property. *See Roberts v. Franklin L. McKinney, Inc.*, 485 A.2d 647, 651 (Me.1984). Summary judgment was improperly entered in favor of Ledgewood on plaintiffs' claim for negligence and plaintiffs' motion for attachment, insofar as it related to that claim, should have been entertained by the Superior Court.

The entry is:

Judgment vacated as to Plaintiffs' claim for negligence. Judgment affirmed in all other respects. Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**5.** Plaintiffs do not allege that F.O. Bailey was not open during normal business hours.

**6.** Although Mr. Piscopo testified that it was his "belief" that some of the work done in the F.O. Bailey space was to compensate him for space converted into common areas, that is insufficient to bring this case within section 302 of the *Restatement (Second) of Contracts.*