### KHK ASSOCIATES

### v.

### DEPARTMENT OF HUMAN SERVICES et al.

Supreme Judicial Court of Maine.

Argued April 28, 1993.
Decided Oct. 20, 1993.

Eugene J. McLaughlin, Jr. (orally), Presque Isle, for plaintiff.

Leanne Robbin (orally), Asst. Atty. Gen., Augusta, for state.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

KHK Associates (KHK) appeals from a summary judgment entered in the Superior Court (Aroostook County, *Archibald, A.R.J.*) in favor of the defendants, the Department of Human Services (Department), Governor John R. McKernan, Jr., and the State of Maine, on KHK's complaint that the Department breached its lease with KHK. KHK contends that the Department, in terminating the lease, violated the lease agreement, breached an implied duty of good faith and fair dealing, and violated the contract clauses of both the United States and Maine Constitutions. Finding no error, we affirm the judgment.

In 1989, the Department solicited bids for office space in Presque Isle. KHK was awarded the contract, and it then constructed a building according to the Department's specifications. In August 1990, KHK and the Department entered into a ten-year lease that included provisions for termination of the lease in the event of nonappropriation of funds by the legislature and the Department's warranty that it would request funding for the lease. At the time the lease was signed, the Department had already requested and obtained funding for the first two years of the lease.

In November 1990, it became apparent that the State would experience a budget shortfall, and the legislature asked the Department to identify ways in which the Department could cut its general fund budget by fifteen percent. The Department complied with the legislature's directive, and, in addition, identified certain cuts it would prefer to make in programs not funded by the general fund. Among its preferred cuts was the KHK lease. In March 1991, the legislature enacted P.L.1991, ch. 9, an emergency measure that reduced the appropriation for the KHK lease in the current fiscal year and required the renegotiation of the lease, to be effective at the start of the next fiscal year. The parties were unable to renegotiate the lease, and after sending KHK a termination notice, the Department vacated the premises.

In its complaint, KHK claims that the Department had breached the termination provisions of the lease and had breached an implied duty of good faith. After a hearing on the parties' cross-motions for summary judgment, the court granted the Department's motion. KHK then appealed to this court. When reviewing the grant of a summary judgment, we view the evidence most favorably to the party against whom the judgment was entered and examine the court's decision for error of law.[1] *Estate of*

---

1. On appeal, KHK argues there are genuine fac-    tual issues regarding the meaning of the contract

*Althenn v. Althenn,* 609 A.2d 711, 714 (Me. 1992).

## I.

■ In this case the dispute centers on paragraph 19 of the lease, which provides as follows:

19. LIMITATIONS: This Lease is made subject to available budgetary appropriations and shall not create any obligation on behalf of the Department in excess of such appropriations. In the event that the amount of funds appropriated is such that the Department must restrict or terminate its administrative program, this Lease shall be terminated sixty (60) days after written notification from the Department to the Lessor.

It is understood by the parties that the termination clause regarding non-appropriation of funds by the Legislature is a requirement of both State law and the Maine Constitution. Within this requirement, however, the Department makes the following representations regarding this contract:

(a) It is the Department's intent to lease the proposed facility for the entire length of the lease. Thus, although other more attractive alternatives may arise, the Department agrees that it will not terminate its lease for the purpose of relocation absent mutual agreement of the parties, or absent some breach of the lease terms by the lessor; and

(b) The Department warrants that it will include a request for funding of this lease in its budget request to the Governor for each biennium during the lease period.

KHK contends that language in the clause providing that the Department could terminate in the event of decreases in the level of appropriations prohibits the Department from terminating the lease unless the program for which the Presque Isle employees worked was restricted or terminated. Since the Department did not restrict or terminate that program but simply moved the employees to existing office space in another community, KHK argues that the Department had no right to terminate the lease. KHK further asserts that the Department's identification of the KHK lease as a preferred budgetary cut violated the provision in paragraph 19 requiring the Department to seek funding for the lease. The language of paragraph 19 does not support either of these assertions.

The limitations paragraph plainly states that the lease is "subject to available budgetary appropriations." Nothing in the remaining language qualifies or limits this overriding consideration. Nor would any such language, if it existed, be effective since both the Maine Constitution and statutory law require that contracts such as this be subject to funding by the legislature. *See* Me. Const. art. V, pt. 3, § 4; 5 M.R.S.A. § 1543 (1989). We need not decide whether the clause "the amount of funds appropriated is such that the Department must restrict or terminate its administrative program" means the particular program housed in the building which is the subject of the lease or the Department's *entire* administrative program, because even if "administrative program" means the particular program, a reduction in funds available to pay for leased space is a program restriction under the language of paragraph 19. KHK's reliance on the Department's warranty that it will request funding for the lease is also unavailing. The Department only warranted that it would "include a request for funding of this lease *in its budget request to the Governor* for each biennium." (Emphasis added.) It is undisputed that the Department requested funding from the Governor for the KHK lease.

## II.

■ Next KHK contends that even if the Department did not violate the written terms

that preclude the entry of a summary judgment. In this case the historical facts are not in dispute. The interpretation of a contract presents a question of fact only when the language is ambiguous or uncertain. *F.O. Bailey Co., Inc. v. Ledgewood, Inc.,* 603 A.2d 466, 468 (Me.1992). As discussed *infra,* the contract language at issue here is not ambiguous, and its construction is a question of law for the court. *Id.* Accordingly, the Superior Court correctly determined that the entry of a summary judgment was appropriate.

of the lease, the Department nevertheless breached an implied duty of good faith and fair dealing by identifying the lease as an appropriate budget cut instead of continuing to request funding for the lease. In the circumstances of this case, we decline to impose such a duty on the Department. Although the Department is not free to disregard contracts into which it has entered, in times of fiscal crisis the Department has an obligation to communicate to the legislature appropriate ways to reduce state spending. That is what the Department did here. *See Diversified Foods, Inc. v. First National Bank of Boston,* 605 A.2d 609, 614 (Me.1992) (duty of good faith not extended to lender-borrower agreement covered by Uniform Commercial Code).

### III.

Finally, KHK contends that the contract clauses of the United States and Maine Constitutions forbid the Department from reneging on its contractual obligations to KHK. *See* U.S. Const., art. I, § 10; Me. Const., art. I, § 11. This argument lacks merit. By the express terms of the contract, the parties entered into the lease "subject to available budgetary appropriations." There can be no violation of the contract clause of either constitution when, as here, the contract is subject to available appropriations and the legislature decides not to appropriate funds for the lease.

The entry is:

Judgment affirmed.

WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS and RUDMAN, JJ., concurring.

DANA, Justice, dissenting.

I respectfully dissent.

In my opinion a good faith and fair reading of paragraph 19(b) of the lease would preclude scuttling the appropriation in the Legislature after requesting the funds from the Governor. At the very least, there is a genuine issue of material fact concerning the par-

ties' intent with respect to the warranty contained in paragraph 19(b).