STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 MAY 15 P 2: 39

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-662
REC- CUM- 5/15/2003

RONALD PERKINS,
                    Plaintiff,

v.

SCOTT BLAKE,
                    Defendant.

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

MAY 29 2003

Defendant moves for summary judgment arguing a release, signed by the Plaintiff, precludes any claims arising from the accident, to which the release refers.

## FACTUAL BACKGROUND

The following facts are based on the undisputed material facts submitted by the parties[1]: The present action arises out of an automobile accident that occurred on May 24, 1999 on Route 302 in Raymond. Defendant was driving a vehicle owned by and with the permission of his brother Danny Blake. Dairyland Insurance Company (Dairyland) provided liability insurance to Danny Blake. Plaintiff received $50,000 from Dairyland for his injuries in exchange for signing a release entitled "RELEASE OF ALL CLAIMS" (Release 1). Plaintiff was represented by counsel at the time Release 1 was signed. Neither the Plaintiff nor his wife read the release before signing it, but upon reading Release 1 later, both believed that they were releasing the Defendant and his brother. Defendant Scott Blake did not participate in the negotiation of Release 1, did not enter into any discussions with Dairyland regarding the release, and did not learn of Release 1 until January 2002, after the instant suit was filed.

---

[1] Defendant did not reply to the Plaintiff's Additional SMF as provided by M.R. Civ. P. 56(h)(c). Per M.R. Civ. P. 56(h)(4), Plaintiff's uncontroverted additional statements of fact are deemed

On June 13, 2002, more than six months after the present suit was initiated, Plaintiff, his wife, and Dairyland entered into a new agreement which intended to rescind all previous releases (Release 2), specifically the February 2001 Release 1, due to mutual mistake. Release 2 also intended to release the Defendant Scott Blake from any personal liability, but reserved the right to pursue claims covered by Defendant's insurance carrier, Commercial Union (CU). Defendant's CU policy has a $300,000 limit.

## DISCUSSION

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

There are two alternative ways in which the Defendant may enforce Release 1. He must prove that he was a party to the release agreement, rendering any subsequent modification/rescission invalid, absent the Defendant's participation and acceptance; or, he must prove that he was an intended third-party beneficiary, in whom the rights provided under Release 1 vested prior to its rescission by the execution of Release 2.

Defendant first contends that he was a party to Release 1, citing Elliot v. S. D. Warren Co., et al., 134 F.3d 1 (1st Cir. 1998) for support. In Elliot, the First Circuit, applying Maine law, afforded an entity, that was named in a release, protection from liability. Id. at 9. (finding Defendants to be "within the shelter afforded by the release"). The court did not find that the Defendants were parties to the release. Id.

---

admitted. However, to the extent that Plaintiff's Additional SMF merely repeat facts already disputed in the motion and opposition to summary judgment, they are deemed disputed.

Similarly, Defendant Scott Blake was not a party to Release 1. He did not participate in its negotiation, nor did his representative. Defendant was absolutely unaware of the existence of Release 1 until after this litigation began in December of 2001. For these reasons, Defendant Scott Blake was not a party to Release 1. At best, he was "within the shelter afforded by the release" as a third-party beneficiary to the contract. Elliot v. S. D. Warren Co., 134 F.3d at 9.

There are two sorts of third-party beneficiaries to a contract: intended and incidental. F.O. Bailey Co., Inc. v. Ledgewood, Inc., 603 A.2d 466, 467 (Me. 1992) (adopting RESTATEMENT (SECOND) OF CONTRACTS § 302 (1981) regarding third-party beneficiaries). Incidental beneficiaries are those that are not intended beneficiaries; incidental beneficiaries "cannot sue to enforce third-party beneficiary rights." F.O. Bailey Co., Inc. v. Ledgewood, Inc., 603 A.2d at 468; RESTATEMENT (SECOND) OF CONTRACTS §§ 302, 304. Intended beneficiaries can sue to enforce a contract, if their rights have vested.

Intended beneficiaries are created if recognition of a third-party right to performance is appropriate under the circumstances, and performance (of the release) will satisfy an obligation owed the beneficiary (Scott Blake) by the promisee (Perkins), or "the promisee (Perkins) intends to give the beneficiary the benefit of the promised performance." RESTATEMENT (SECOND) OF CONTRACTS § 302(1). See also F.O. Bailey Co., Inc. v. Ledgewood, Inc., 603 A.2d at 468. If both conditions are satisfied, the original parties may still discharge or modify the duty to the intended beneficiary, absent a contract term to the contrary, so long as the beneficiary does not manifest assent to the promise, does not justifiably rely on the promise, or does not commence a suit to enforce the promise prior to the discharge or modification. RESTATEMENT (SECOND) OF CONTRACTS § 311. Any one of these occurrences will "vest" the third-party's rights so that the contract may not be discharged or modified without the third-party's consent. Id.

3

Because the Plaintiff did not owe Defendant Blake any obligation for which Release 1 was satisfaction, the Defendant must demonstrate that: 1) a third-party right to performance is appropriate under the circumstances; and 2) Plaintiff Perkins intended to give Defendant Scott Blake the benefit of the release. In the instant case, it is entirely appropriate to afford the Defendant the protection requested under Release 1 and to find that the Plaintiff intended to give such protection. Defendant was named in Release 1, which the Plaintiff signed with the benefit of representation. Plaintiff believed, even after the signing, that he had released the Defendant from further liability. The other party to the Release 1, Dairyland, owed a duty to indemnity Scott Blake as a permissive driver under his brother's policy. Release 2, executed in June 2002, may indicate the parties' intention to remedy a mutual mistake, but it does alter the result because Scott Blake's rights had vested in Release 1.

The right to be released from all claims afforded by Release 1 vested in the Defendant, at least on December 6, 2001, when he filed his Answer to the Complaint in the present action. In his Answer, he raised Release 1 as an affirmative defense to liability, thereby justifiably relying on the promises contained in the release. Although not a party to Release 1, Defendant was an intended third-party beneficiary and his third-party rights had vested, therefore, Defendant's Motion for Summary Judgment is GRANTED.

The entry is

Defendants' Motion for Summary Judgment is GRANTED.

Dated at Portland, Maine this 15th day of May, 2003.

Robert E. Crowley
Justice, Superior Court

RONALD PERKINS  - PLAINTIFF

Attorney for: RONALD PERKINS
THOMAS DOWNING
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065

Attorney for: RONALD PERKINS
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

vs
SCOTT BLAKE  - DEFENDANT

Attorney for: SCOTT BLAKE
RONALD LUPTON
PIAMPIANO & GAVIN
707 SABLE OAKS DR
S PORTLAND ME 04106

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2001-00662

## DOCKET RECORD