2004 ME 86

**Ronald PERKINS**

v.

**Scott BLAKE.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 25, 2003.
Decided: July 15, 2004.

Karen E. Wolfram, Esq., Daniel G. Lilley Law Offices, P.A., Portland, for plaintiff.

Ronald W. Lupton, Esq., Brenda Piampiano, Esq., OneBeacon Insurance Group, South Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Ronald Perkins appeals from a summary judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) for Scott Blake in this personal injury action stemming from a 1999 motor vehicle accident. The court concluded that when Perkins received a payment from Dairyland Insurance Company in 2001 and signed a release, Blake was released from any further claims from the 1999 accident. Although Perkins and Dairyland executed an agreement in 2002 that purported to rescind the 2001 release, Blake was not a party to that agreement. The court found that Blake was entitled to the benefit of the 2001 release because he was an intended beneficiary of the release and his rights had vested. We vacate the judgment because there is a genuine dispute of material fact as to the extent of the benefit that Perkins and Dairyland intended to confer on Blake with the 2001 release, preventing us from concluding, as a matter of law, that Blake was an intended beneficiary.

## I. BACKGROUND

[¶ 2] Perkins was injured in a motor vehicle accident occurring on Route 302 on May 24, 1999. He was a passenger in a vehicle driven by his father. Perkins's vehicle was struck by a car driven by Blake and owned by Blake's brother. Blake had his brother's permission to drive the car.

[¶ 3] Blake's brother was insured by a Dairyland policy with a $50,000 limit, which provided coverage for other drivers of his vehicle. On February 20, 2001, Dairyland entered into a settlement with Perkins and paid him $50,000. Perkins signed a release, which stated that in return for the $50,000 he was releasing Blake, Blake's brother, and Dairyland from all claims and damages resulting from the 1999 accident.

[¶ 4] Blake also had an insurance policy from Commercial Union[1] with a $300,000 limit. Prior to the settlement between Dairyland and Perkins, Commercial Union, acting on behalf of Blake, acknowledged the settlement and its own role as the excess insurer.[2]

[¶ 5] A few months later, Perkins filed the instant personal injury action against Blake. Blake answered and asserted the affirmative defense of release. Subsequently, in 2002, Perkins and Dairyland executed an agreement which purported to rescind the 2001 release. In the 2002 agreement, Perkins acknowledged receipt of the $50,000 payment from Dairyland and released Dairyland. The 2002 agreement also stated that Perkins released Blake and his brother only "(a) to the extent of the coverage under the Dairyland policy and (b) for any personal exposure they have in excess of any other legally collectible insurance (including specifically a policy of insurance Scott Blake had with [Commercial Union]) which may provide coverage." Perkins expressly reserved his claim against Blake and his brother "to the extent (but only to the extent) such claims are covered" by the Commercial Union policy. The 2002 agreement stated the reason for the rescission of the 2001 release as "a mutual mistake of fact." Neither Blake nor Commercial Union signed either the 2001 release or the 2002 agreement.

[¶ 6] Thus, the issue in the case became the effect of the 2002 agreement on Blake and the Commercial Union policy. Blake filed a motion for summary judgment, which Perkins opposed and the Superior Court granted. Citing sections 302 and 311 of the RESTATEMENT (SECOND) OF CONTRACTS (1981), the court found that Blake was an intended beneficiary of the 2001 release and that his rights under it had vested prior to the execution of the 2002 release. The court concluded that Blake was entitled to the benefit of the 2001 release and granted judgment to him.

## II. DISCUSSION

[¶ 7] We review the grant of a summary judgment de novo, and we view the evidence in the light most favorable to the party against whom judgment was granted in determining whether there is a genuine issue of material fact. *McLaughlin v. Superintending Sch. Comm. of Lincolnville*, 2003 ME 114, ¶ 11, 832 A.2d 782, 785. We give the party opposing summary judgment the benefit of any reasonable inferences that can be drawn from the presented facts. *Id.*

[¶ 8] Blake asserts that he is an intended beneficiary of the 2001 release signed by Perkins, and is entitled to the benefit of the release because his rights had vested before the 2002 agreement was executed without his agreement. We have relied on RESTATEMENT (SECOND) OF CONTRACTS § 302 in deciding whether a third party was an intended beneficiary who could enforce a contract. *F.O. Bailey Co. v. Ledgewood, Inc.*, 603 A.2d 466, 468–69 (Me.1992). In pertinent part, section 302 reads:

1. Commercial Union is now known as One-Beacon.

2. In his opposing statement of material facts, Perkins stated: "Commercial Union Insurance Company acting on behalf of its insured Scott Blake authorized Mr. Perkins' settlement with Dairyland Insurance Company." Blake did not file a reply to the opposing statement, and Perkins's statement is therefore admitted. M.R. Civ. P. 56(h)(4). The record reference is a letter from Commercial Union to Perkins's attorney, dated February 8, 2001, acknowledging the settlement and its role as the excess insurer. The letter stated that Commercial Union is entitled to credit for the $50,000 paid by Dairyland, the primary insurer.

Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and ... the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

RESTATEMENT (SECOND) OF CONTRACTS § 302(1).

[¶ 9] In applying section 302 to this case, it is necessary to determine if recognition of Blake's right is appropriate to effectuate the intention of the parties in the 2001 release and whether the circumstances indicate that Perkins and Dairyland intended to give Blake the benefit of a complete release. Perkins contends that fully releasing Blake and his insurance company from all liability would provide Blake with a greater benefit than the parties intended. Essentially, Perkins claims that recognition of Blake's right to performance would not be appropriate to effectuate the parties' intent.

[¶ 10] The parties did not expressly confront, in their respective statements of material fact, the factual issue of the intent of Perkins and Dairyland in the execution of the 2001 release. The parties do not dispute that the 2002 agreement states that it was intended to rescind all prior releases and gives the reason for rescission as a "mutual mistake of fact." Further, it is undisputed that Perkins believed that he was required to sign the release in order to pursue the Commercial Union coverage. It is also undisputed that Commercial Union, on Blake's behalf, was aware that Perkins and Dairyland did not intend to release Blake from all claims and that Commercial Union recognized its role as an excess insurer.

[¶ 11] A reasonable inference from these facts is that Perkins did not intend to release Blake completely.[3] Giving Perkins, as the party opposing summary judgment, the benefit of reasonable inferences from the presented facts, there is a genuine dispute of fact as to whether Perkins and Dairyland intended that the 2001 release be a limited release. This is a material fact because the application of section 302 turns on the intention of Perkins and Dairyland. If they only intended to give Blake the benefit of a limited release, then recognition of Blake's right to assert the 2001 release as a bar to his liability would not effectuate Perkins's and Dairyland's intent. It would not be appropriate to give Blake the benefit of a complete release if Perkins and Dairyland intended that he be released only from personal liability in excess of his insurance coverage. Because there is a genuine issue of material fact, summary judgment was not appropriate.

The entry is:

Judgment vacated. Case remanded to the Superior Court for further proceedings consistent with this opinion.

---

3. Perkins's admission that after signing the release, he read it as saying that he released Blake from all claims does not detract from this conclusion. Construing that fact in his favor, it indicates nothing about his intent at the time that he signed.