STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. CV-04-172


McCORMACK BUILDING SUPPLY, INC.,

         Plaintiff

         v.                                       **DECISION AND ORDER**

GIROUX DEVELOPING, INC., *et al.*,

         Defendants


This matter is before the court on motion for summary judgment by Defendants

Thomas and Terry Sullivan in regards to count I of plaintiff's complaint.

The present dispute arises, in part, out of a contract for the construction of a

home on property owned by Defendants Thomas and Terry Sullivan ("the Sullivans").

Pursuant to the contract, the Sullivans were obligated to pay Defendant Giroux

Developing, Inc. ("Giroux") for the cost of labor and materials that were provided.

Giroux, however, began experiencing financial difficulties, and consequently, Giroux

and the Sullivans agreed to terminate the contract.

Plaintiff McCormack Building Supply ("Plaintiff" or "McCormack") was

apparently a materialman used by Giroux. The Plaintiff's complaint is in five counts,

only the first of which pertains to the Sullivans. In count I, the Plaintiff alleges that it

has furnished over $27,000.00 in materials used in the construction of the residence, and

seeks to enforce a lien it has filed pursuant to 10 M.R.S.A. § 3251 against the premises.

The Law Court has explained that:

> Summary judgment is no longer an extreme remedy. It is simply a
> procedural device for obtaining judicial resolution of those matters that
> may be decided without fact-finding. Summary judgment is properly
> granted if the facts are not in dispute or, if the defendant has moved for

summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law.

*Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22. Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. The party opposing summary judgment will be given the benefit of any reasonable inferences that can be drawn from the presented facts. *See Perkins v. Blake*, 2004 ME 86, ¶ 7, 853 A.2d 752, 755. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial". *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a *prima facie* case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

The Sullivans contend that they are entitled to summary judgment on the complaint because 10 M.R.S.A. § 3255 provides them with the so-called "double payment defense". *See Pond Cove Millwork Co. v. Steeves*, 598 A.2d 1181 (Me. 1991). The Plaintiff's complaint alleges that McCormack furnished materials for the project that were accepted by Giroux with the knowledge and consent of the Sullivans. The complaint further states that Giroux owes the Plaintiff $27,415.99. However, the

Defendants note that the complaint is silent as to whether *they* owe any balance to *Giroux*. While the Sullivans concede that McCormack did in fact deliver materials for use in their home, they also maintain that if they owe no money to Giroux, they are not responsible for any monies owed to McCormack.

The Sullivans assert that prior to the commencement of this suit, they made several payments to Giroux for the purpose of paying for materials supplied by the Plaintiff, totaling 49,800.00, the last of which occurred on March 24, 2004. They also note that after April 1, 2004, Giroux was no longer allowed on the property and that the parties agreed to the rescission of the contract. In addition, the Defendants state that they have received lien waivers signed by the Plaintiff for materials received and paid for in the amount of $19,800.

As the Sullivans read the statute, the Plaintiffs can only enforce their lien to the extent that there is a "balance due" to the person with whom the homeowner directly contracted – in this case, Giroux. Moreover, the Defendants contend that the amount of the "balance due" can be no more than the difference between the amount of the lien ($27,415.99) and the amount of the clear lien waivers ($19,800). Since they have paid to Giroux and McCormick amounts in excess of the full amount of the lien, Sullivans contend that the lien levied against them must be released, and the Plaintiff's claim dismissed.

In opposition, the Plaintiff states that the Defendants motion must be denied because a genuine issue of material fact exists as to whether a balance is due to Giroux under its contract with the Sullivans. The calculation of the balance due, according to the Plaintiff, requires the Court to consider the work done less the amount withheld for work not performed in accordance with the contract. *See Biette v. Scott Dugas Trucking & Excavating, Inc.*, 676 A.2d 490, 496 (Me. 1996). McCormack asserts that the Sullivans'

contract with Giroux called for the payment of $161,000.00 for the construction of a home. Further, Plaintiff contends that there is no dispute that the Sullivans paid less than the total amount called for under the contract. In addition, McCormack points out that Giroux's President believes the contract with the Sullivans was not property terminated, and that there may in fact be a balance due to the corporation. The Plaintiff asserts that whether the Sullivans were justified in rescinding the contract and in paying Giroux less than the total amount agreed to is a question of fact that precludes the Court from entering summary judgment. Moreover, McCormack maintains that even if the Sullivans paid Giroux more for materials provided than the amounts claimed in the complaint, that still does not establish that the defendants are entitled to the double payment defense.

In reply, the Sullivans first assert that *Biette* does not support the Plaintiff's position. In particular, they note that in *Biette*, funds were available but withheld by the homeowner and owed to the contractor for work that was actually performed but not paid for. To the contrary, the Sullivans point out that Giroux was already paid for its work. Hence, in the Defendants' view, the question is not whether they paid less than the total amount called for in the contract, but whether they owe their general contractor money for labor and materials already provided. The Sullivans also note that they entered into a written termination agreement with Giroux, thus undermining McCormack's assertion that the construction contract was rescinded improperly[1].

The language of section 3255(3) is clearly intended for the protection of homeowners. Specifically, it seeks to protect homeowners from unrecorded liens and from the possibility of having to make double payment to contractors and

---

[1] The Defendants' assertion of facts regarding this agreement is procedurally improper. Rule 56(h) does not permit the moving party to set forth additional statements of fact in its reply statement of material facts. *See* M.R. Civ. P. 56(h)(3).

subcontractors. As correctly noted by the Defendants, the statute only permits McCormack to enforce its lien to the extent that there is a "balance due" from the Defendants to Giroux. *See* 10 M.R.S.A. § 3255(3) (2004). Both the statutory context in which these liens arise, as well as analysis provided by the Law Court, indicate that only outstanding sums owed for work actually performed should be considered in calculating this amount. Section 3251, which describes how mechanics' liens of this sort are established, contemplates the actual performance of labor and/or furnishing of materials. Moreover, the Law Court has repeatedly explained, as mentioned above, that the balance due is determined by considering the work done less the amount withheld for work not performed properly. *See, e.g., Biette*, 676 A.2d at 496; *Pond Cove Millwork Co.*, 598 A.2d 1182-1183; *John W. Goodwin, Inc. v. Edward A. Fox*, 1999 ME 33, ¶ 17, 725 A.2d 541, 544. Thus, it is clear that regardless of whether Giroux may be entitled to contract damages for work they might have performed had the contract not been cancelled, those amounts are not relevant to the issue before the Court.

In opposing the Sullivans' motion for summary judgment, the Plaintiff has failed to set forth any facts to establish that there is a balance due to Giroux from the Defendants for work actually performed under the contract, or to rebut the Sullivans' contentions to the contrary.

The entry will be:

Defendants Thomas J. and Terry L. Sullivan's motion for summary judgment is GRANTED; judgment for defendants Thomas J. and Terry L. Sullivan on count I of plaintiff's complaint.

Dated: August 16, 2005

Donald H. Marden
Justice, Superior Court

MCCORMACK BUILDING SUPPLY - PLAINTIFF

Attorney for: MCCORMACK BUILDING SUPPLY
DANIEL I BILLINGS  - RETAINED 07/23/2004
MARDEN DUBORD ET AL
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708


vs
GIROUX DEVELOPING INC - DEFENDANT

Attorney for: GIROUX DEVELOPING INC
PHILIP MOHLAR  - RETAINED 08/12/2004
ALSOP MOHLAR & KETTERER
60 MAIN STREET
PO BOX 417
NORRIDGEWOCK ME 04957

BOBBY J MILLER  - DEFENDANT

Attorney for: BOBBY J MILLER
PHILIP MOHLAR  - RETAINED
ALSOP MOHLAR & KETTERER
60 MAIN STREET
PO BOX 417
NORRIDGEWOCK ME 04957

HEATHER GIROUX  - DEFENDANT

Attorney for: HEATHER GIROUX
PHILIP MOHLAR  - RETAINED 08/12/2004
ALSOP MOHLAR & KETTERER
60 MAIN STREET
PO BOX 417
NORRIDGEWOCK ME 04957

THOMAS J SULLIVAN  - DEFENDANT

Attorney for: THOMAS J SULLIVAN
CHAD ALLEN CLOUTIER  - RETAINED
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

TERRY L SULLIVAN  - DEFENDANT

Attorney for: TERRY L SULLIVAN
CHAD ALLEN CLOUTIER  - RETAINED
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

**DOCKET RECORD**

Printed on: 08/17/2005

JAMES REIS  - DEFENDANT

Attorney for: JAMES REIS
SEAN FARRIS  - RETAINED 08/13/2004
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120

PAMELA REIS  - DEFENDANT

Attorney for: PAMELA REIS
SEAN FARRIS  - RETAINED 08/13/2004
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120

JASON R TURNER  - DEFENDANT

Attorney for: JASON R TURNER
BENJAMIN J SMITH  - RETAINED 04/14/2005
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

Attorney for: JASON R TURNER
DAVID LIPMAN  - RETAINED
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

TUNNEY A WHITE  - DEFENDANT
MARIANNE C WHITE  - DEFENDANT
SKOWHEGAN SAVINGS BANK - PARTIES IN INTEREST

Attorney for: SKOWHEGAN SAVINGS BANK
WARREN SHAY  - RETAINED
PERKINS TOWNSEND SHAY & TALBOT PA
14 HIGH ST
PO BOX 467
SKOWHEGAN ME 04976

WINSLOW SUPPLY INC. - PARTIES IN INTEREST

Attorney for: WINSLOW SUPPLY INC.
WARREN POULIN  - RETAINED 08/12/2004
PO BOX 8070
WINSLOW ME 04901

RICHARD J CORBETT  - PARTIES IN INTEREST
WILL'S FLOORING, INC. - PARTIES IN INTEREST